UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:

Vilma Louise Johnson,

                              Debtor.

------------------------------------------------------------x

                                    Chapter 13

                                    Case No.: 22-41100-jmm

# MEMORANDUM DECISION OVERRULING DEBTOR'S OBJECTION TO PROOF OF CLAIM NUMBER 9-1 FILED BY ZEV CADANER

Bronstein, Gewirtz & Grossman, LLC
Edward N. Gewirtz, Esq.
60 East 42nd Street, Suite 4600
New York, NY 10165
chona@bgandg.com
*Counsel for Creditor,*
*Zev Cadaner*

McKinley Onua & Associates, PLLC
Nnenna Okike Onua, Esq.
26 Court Street, Suite 300
Brooklyn, NY 11242
nonua@mckinleyonua.com
*Counsel for Debtor,*
*Vilma Louise Johnson*

## INTRODUCTION

Prior to the commencement of this case, Vilma Louise Johnson contracted to sell her home to Zev Cadaner. Johnson filed a chapter 13 plan that rejects the contract. Cadaner filed a proof of claim for rejection damages. Johnson objected to Cadaner's proof of claim because the claim was filed after the chapter 13 bar date. As set forth more fully below, the claim objection is overruled because the Court has discretion to establish a separate date for contract rejection claims under Rule 3002(c)(4) of the Federal Rules of Bankruptcy Procedure. The Court believes it is appropriate to exercise its discretion and permit Cadaner to file a claim for rejection damages after the chapter 13 bar date because Johnson did not file her chapter 13 plan purporting to reject the contract under after the bar date.

## JURISDICTION

The Court has jurisdiction to hear and determine this contested matter under 28 U.S.C. §§ 157(a), 157(b)(2)(B) and 1334(b), and the Eastern District of New York Standing Order of Reference, dated August 28, 1986, as amended by the Order, dated December 5, 2012. Venue of this contested matter is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

In August 2020, Johnson, as seller, and Eliezer Lever, as purchaser, executed a contract for Johnson to sell her home to Lever (the "Lever/Shusterman Contract"). Lever assigned the contract to his wife Chaya Shusterman. The sale did not timely close.

Johnson then contracted to sell her home to Cadaner (the "Cadaner Contract"). Cadaner learned of the Lever/Shusterman Contract and commenced an action in New York Supreme Court, Kings County, captioned *Zev M. Cadaner v. Vilma Johnson, Chaya Shusterman, Eliezer Lever*, Index No. 528557/2021 (the "State Court Action"). Among other things, the Complaint

seeks declaratory judgment that the Cadaner Contract is valid and enforceable, specific performance, and damages for Johnson's alleged breach of the Cadaner Contract.

On May 20, 2022, Johnson filed a voluntary petition for relief under chapter 13 of the Bankruptcy Code. ECF No. 1. The last date for creditors to file proofs of claim was July 29, 2022 (the "Bar Date"). ECF No. 9.

On August 31, 2022, Johnson removed the State Court Action to this Court. Compl. Adv. ECF No. 1. The State Court Action is pending in this Court as Adversary Proceeding number 22-1070 (the "Adversary Proceeding"). A more complete recitation of the background is included in the *Memorandum Decision* entered in the Adversary Proceeding.

On September 27, 2022, approximately two months after the Bar Date, Johnson filed the Chapter 13 Plan, dated September 27, 2022. ECF No. 23. The plan provided for Johnson to assume either the Cadaner Contract or the Lever/Shusterman Contract depending on the outcome of the Adversary Proceeding. *Id*. at Sec. 9.1.

On December 6, 2023, Cadaner filed Proof of Claim number 9-1 asserting a general unsecured claim for $500,000 as rejection damages (the "Cadaner Proof of Claim").

On June 13, 2023, Johnson filed her Third Amended Chapter 13 Plan, Dated June 13, 2023 (the "Plan"). ECF No. 40 (the "Plan"). The Plan provides for Johnson to assume the Lever/Shusterman Contract and to reject the Cadaner Contract. Plan Sec. 6.1. The Plan has not yet been confirmed. The hearing to confirm the Plan has been adjourned from time to time.

On May 3, 2024, Johnson filed an objection (the "Claim Objection") to the Cadaner Proof of Claim arguing the Claim should be disallowed because it was not filed prior to the Bar Date. ECF No. 48. Cadaner responded to the claim objection. ECF No. 53. The Court heard argument on the Motion on May 28, 2024, and reserved decision.

## **DISCUSSION**

In a Chapter 13 case, a proof of claim is timely if filed within 70 days after the order for relief. Fed. R. Bankr. P. 3002(c). Proofs of claim that are untimely filed in a chapter 13 case may not be deemed timely filed. *In re Daniels*, 466 B.R. 214, 217 (Bankr. S.D.N.Y. 2011). Generally, the chapter 13 bar date will apply to all claims, including claims arising from rejection of an executory contract. *See In re Bell,* 535 B.R. 432, 436 (Bankr. N.D. Ga. 2015).

The Notice of Bar Date for this Bankruptcy Case instructed creditors that all claims must be filed by the Bar Date. ECF No. 9. The Notice of Bate Date did not exclude proofs of claim asserting claims arising from the rejection of executory contracts.

However, pursuant to Bankruptcy Rule 3002(c)(4), the Court may set a bar date for claims arising from the rejection of an executory contract. The Court should exercise its discretion and fix a bar date for claims arising from the rejection of executory contracts in this case because, among other things, Johnson did not file a chapter 13 plan until after the Bar Date. Cadaner could not have known he had a rejection damages claim until Johnson filed her plan.

## **CONCLUSION**

Based on the foregoing, the Court fixes December 6, 2022 as the last date for Cadaner to file a claim for claims arising from the Debtor's rejection of the Cadaner Contract. Therefore, the Cadaner Proof of Claim shall be deemed to be timely filed. Debtor's Claim Objection is overruled without prejudice to object to the Cadaner Proof of Claim on any grounds, except that the claim was not timely filed.

Dated: June 13, 2025
Brooklyn, New York

_____
Jil Mazer-Marino
United States Bankruptcy Judge